**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50357 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00780-GHK |
| v. | |
| ARMEN KARAPETIAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Armen Karapetian appeals from the 10-month sentence imposed following

his guilty-plea conviction for access device fraud, in violation of 18 U.S.C. §

1029(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Karapetian contends that the district court erred when it applied a four-level enhancement because the offense involved 50 or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(B). The district court did not err because both the financial institutions and the account holders were victims as defined by the Sentencing Guidelines. *See* U.S.S.G. § 2B1.1 cmt. n.1 & 4(E); *see also United States v. Pham*, 545 F.3d 712, 717 (9th Cir. 2008) ("[I]t is not impermissible double counting to consider both [the banks and the individual account holders] as victims even if their losses are ultimately traceable to the same fraudulently obtained funds.").

Karapetian also contends that the district court procedurally erred when it applied a four-level enhancement based on the amount of loss. *See* U.S.S.G. § 2B1.1 cmt. n.3(F)(i). Karapetian specifically contends that the district court failed to address the parties' arguments regarding the loss amount and treated the Guidelines as mandatory. The record reflects that the district court adequately addressed the parties' arguments, treated the Guidelines as advisory, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Karapetian's "motion to request a calendar date" is denied.

**AFFIRMED.**